OAO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America<br>v.<br>**Juan Vera-Cervantes**<br>*Defendant* | Case No. 25-MJ-5*34* |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about February 25, 2025, in the Western District of New York, the defendant, **JUAN VERA-CERVANTES**, an alien, who had previously been denied admission, excluded, deported, and removed from the United States, on or about October 16, 1998, was found in the United States of America, without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to reapply for admission to the United States.

**In violation of Title 8, United States Code, Section 1326.**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's Signature*

Border Patrol Agent Thomas A. England
*Printed name and title*

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed.R.Crim. P. 4.1 and 4(d) before me this __10__ day of March, 2025.

Date: March 10, 2025

*Judge's signature*

City and State: Rochester, New York

Hon. Mark W. Pedersen, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF MONROE ) ss.:
CITY OF ROCHESTER )

Thomas A. England, being duly sworn, deposes and says that:

1. I am a Border Patrol Agent with the United States Border Patrol in Rochester, New York. I have been employed with the United States Border Patrol for over fifteen years.

2. As part of my duties during my employment with the United States Border Patrol, I have investigated violations of the Immigration and Nationality Act and violations of the United States Code, in particular, Title 8, United States Code, Section 1326 (Re-entry of Removed Aliens).

3. This affidavit is based upon my own knowledge, my review of official Customs and Border Protection ("CBP") records, and upon information that I obtained from speaking with Border Patrol Agent Intelligence ("BPA-I") and Border Patrol Agents ("BPA").

4. I make this affidavit in support of the annexed criminal complaint charging JUAN VERA-CERVANTES with a violation of Title 8, United States Code, Section 1326 (Re-entry of Removed Aliens).

5. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to demonstrate that Title 8, United States Code, Section 1326 has been violated.

## PROBABLE CAUSE

6. On Tuesday, February 25, 2025, BPAs assigned to Buffalo Sector Intelligence and the Rochester Border Patrol Station were conducting surveillance on New York Interstate Highway 490 ("I-490").

7. At approximately 4:27p.m., while in an unmarked Border Patrol Vehicle, BPA-I Geoffrey Burnett and BPA Justen Silva observed a white cargo van bearing a Tennessee license plate travelling eastbound.

8. BPA-I Burnett and BPA Silva pulled onto the highway travelling the same direction as the cargo van and observed the license plate, Tennessee BMW9683.

9. Previous record checks on the license plate by Rochester BPAs displayed that the registered owner of the vehicle, JUAN VERA-CERVANTES, (Mexico, July 14, 1979), has previously been deported multiple times from the United States and had his final order of removal reinstated on three different occasions.

10. BPA-I Burnett and BPA Silva pulled behind the van travelling on I-490 at approximately 4:35 p.m. and conducted a vehicle stop at the I-490 Eastbound Truck Inspection Area, slightly east of Exit 3 for Churchville, New York.

11. BPA-I Burnett and BPA Silva approached the van and introduced themselves as Border Patrol Agents.

12. BPA Silva immediately recognized the driver as VERA-CERVANTES from a photo attached to previous immigration arrests.

13. To further verify his identity, BPA Silva asked VERA-CERVANTES to verify his first and last name. VERA-CERVANTES verified his name and that he was the registered owner of the vehicle.

14. BPA Silva conducted an immigration inspection and questioned VERA-CERVANTES as to his citizenship in the Spanish language. VERA-CERVANTES admitted that he is a citizen and national of Mexico without immigration documents to be in the United States legally.

15. VERA-CERVANTES was placed under arrest and transported back to the Rochester Border Patrol Station for further record checks and processing.

16. A query of immigration and criminal databases contained in the Alien Registration file ("A-file") for VERA-CERVANTES revealed the following facts:

   a. On October 16, 1998, VERA-CERVANTES was ordered removed in absentia by an Immigration Judge in Memphis, Tennessee.

   b. On February 24, 2004, VERA-CERVANTES was apprehended by Border Patrol Agents in Laredo, Texas, and was given a Voluntary Return.

   c. On July 17, 2005, VERA-CERVANTES was apprehended by Border Patrol Agents in Laredo, Texas, and was given a Voluntary Return.

   d. On October 12, 2005, VERA-CERVANTES was apprehended by Border Patrol Agents in Laredo, Texas, and was given a reinstatement. He was physically removed from the United States to Mexico by a designated official on October 12, 2005, via the Laredo, Texas Port of Entry.

   e. On January 23, 2006, VERA-CERVANTES was apprehended by Border Patrol Agents in Hebbronville, Texas, and was given a reinstatement. He was physically removed from the United States to Mexico by a designated official on January 24, 2006, via the Laredo, Texas Port of Entry.

   f. On June 29, 2009, VERA-CERVANTES was apprehended by Border Patrol Agents in Tampa, Florida, and was given a reinstatement. He was physically removed from the United States to Mexico by a designated official on July 3, 2009, via the El Paso, Texas Port of Entry.

17. There is no evidence that VERA-CERVANTES received any authorization or approval from either the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-enter the United States after his last removal.

18. Wherefore, it is respectfully submitted that probable cause exists to believe that VERA-CERVANTES did commit the offense of unlawful re-entry after deportation or removal, in violation of 8 U.S.C. § 1326, in that he, a citizen and national of Mexico, having been ordered removed in absentia on October 16, 1998, was thereafter unlawfully found in the United States on February 25, 2025, without first having obtained the consent of the Attorney General, or his successor, the Secretary of the Department of Homeland Security.

19. VERA-CERVANTES was advised of his right to speak with a consular officer from Mexico. VERA-CERVANTES declined to do so at that time. Since VERA-CERVANTES is being prosecuted for violating 8 U.S.C. § 1326, a mandatory Consular Notification was sent via email.

Thomas A. England
Border Patrol Agent
United States Border Patrol

Affidavit submitted electronically by email in .pdf format. Oath administered and contents and signature attested to me as true and accurate telephonically pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this __10__ day of March, 2025.

HON. MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE